IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:07-CV-23245-BLG

BLUESTAR ENTERTAINMENT, etc., *et al.*,

    Plaintiffs,

v.

MARCUS COOPER, *et al.*,

    Defendants.
_____/

MARCUS COOPER, etc.,

    Counter-Plaintiff,

v.

BLUESTAR ENTERTAINMENT, etc., *et al.*,

    Counterclaim-Defendants and
    Additional Counterclaim-Defendants.
_____/

## MR. McKINNIE'S NOTICE OF COMPLIANCE

<u>Former</u> Defendant Bryant McKinnie, by and through his undersigned counsel, in accordance with the Court's directions at the conclusion of the Court's September 30, 2009 (D.E. 293) hearing, hereby files this Notice of Compliance, and states as follows:

Mr. McKinnie filed numerous, prior Motions for attorneys' fees, costs and expenses, and sanctions against Plaintiffs and Plaintiffs' counsel, for discovery abuse (Rules 26 and 37); for repeated, ongoing, and different misrepresentations to the Court in both filed papers and orally (for which the Court earlier raised Rule

1

11 *sua sponte*); and under Fla. Stat. § 57.105, 28 U.S.C. § 1927, and the Court's inherent powers to meet out both justice and penalties for litigation, abuse, which the Court has under advisement (D.E. 287 and 293). Each of those Motions have different bases.

During the recent hearing, the Court asked undersigned counsel to comment on two (2) specific issues raised by Plaintiffs during the hearing:

(a) whether or not Plaintiffs complied with the safe harbor provisions of Fla. Stat. § 57.105(4); and

(b) whether or not Mr. McKinnie made a capital contribution for an interest in Defendant Swagga Entertainment.

Additionally, the Court requested undersigned counsel to review the email collection proffered by Plaintiffs and comment upon and/or supplement the proffer, if necessary and appropriate. Accordingly, Mr. McKinnie wishes to specifically respond to the Court with the following information:

### 1. Plaintiffs' Non-Compliance with Fla. Stat. § 57.105(4) Safe Harbor

On October 24, 2008 Mr. McKinnie served Plaintiffs and their record counsel with (but did not file) a copy of Mr. McKinnie's Motion for Sanctions, Pursuant to Fla. Stat. § 57.105 and Incorporated Memorandum of Law, and a Fla. Stat. § 57.105 letter, attached as Exhibit 1 to the Motion (D.E. 130-2). The October 24th letter concluded by advising Plaintiffs and their counsel that, unless they dismissed their claims against Mr. McKinnie, ***with prejudice,*** **within twenty-one (21) days**, pursuant to Fla. Stat. § 57.105(4), Mr. McKinnie would seek appropriate sanctions against all applicable parties.

That action was taken <u>after</u> Plaintiffs' wholesale and ongoing discovery failures and abuse, their failure to comply with Court Orders, the Court's entry of a stay of discovery respecting Mr. McKinnie, and Mr. McKinnie's filing of a comprehensive Motion for Judgment on the Pleadings, or, in the Alternative, Summary Judgment and Incorporated Memorandum of Law (D.E. 111) that demonstrated that Plaintiffs belatedly filed Amended Complaint, naming Mr. McKinnie as a Co-Defendant, had <u>no</u> merit, was based on absolutely false allegations, and was part of an extortion scheme by Plaintiffs and Plaintiffs' attorneys. Plaintiffs' required responses on Summary Judgment were due on or about November 12, 2008.

On November 4, 2008, within the twenty-one (21) day period, under § 57.105 only, Plaintiffs filed a Motion for Leave to Dismiss Claims Against Defendant Bryant McKinnie (D.E. 114); however, the Motion merely requested a dismissal ***without prejudice***, and, therefore, failed to comply with Mr. McKinnie's express demand.

Based upon Plaintiffs' <u>failure</u> to comply with Mr. McKinnie's October 24th specific, written demand, pursuant to Fla. Stat. § 57.105(4), within the twenty-one (21) day period, Mr. McKinnie filed his additional Motion for Sanctions, Pursuant to Fla. Stat. § 57.105 and Incorporated Memorandum of Law, which was filed on December 2, 2008 (D.E. 130).

To respond to the Court as requested, as fully as possible, undersigned counsel conducted further research on this issue following the hearing, and found a single, recent opinion in this District, by U.S. District Court Judge Gold, which

3

this Court may wish to review.  The opinion suggests that Plaintiffs and their counsel may have sufficiently complied with the safe harbor provisions of Fla. Stat. § 57.105.  In <u>Robinson v. Alutiq-Mele, LLC</u>, ___ F.Supp.2d ___, 2009 WL 2425653, *8 (S.D. Fla., Mar. 30, 2009), a decision rendered <u>after</u> the foregoing events herein, this District Court addressed a similar request for sanctions, by a defendant, seeking relief pursuant to Fed.R.Civ.P. 11, Fla. Stat. § 57.105, and 28 U.S.C. § 1927.

In <u>Robinson</u>, attorneys fees, costs, and sanctions were granted, pursuant to 28 U.S.C. § 1927, but denied under the Rule 11 and Fla. Stat. § 57.105 written motions filed by Defendant.  Unlike the instant case, in <u>Robinson</u>, the section 57.105 (and the Rule 11) motion(s) that were served by the defendant upon the plaintiff were <u>not</u> the same as the motions eventually filed with the Court, and, thus, failed to comply with the procedural requirements of the statute, rendering those motions a nullity.  Nevertheless, the District Court's *obiter dicta* and separate analysis of Rule 11 (but not Section 57.105) may be of interest with respect to this Court's recent inquiry:

> **Defendant contends that because the Rule 11 letter asked Plaintiff to dismiss the action with prejudice, any lesser action (such as dismissal without prejudice) could not satisfy the Rule 11 safe harbor provision.**  Defendant, however, presents no support for this position.  The safe harbor protection of Rule 11 is available to a litigant who "withdraws" the offending paper. F.R.C.P. 11(c).  **The Rule does not authorize the movant to place conditions on the withdrawal or require the withdrawal to be with prejudice, in order for the non-movant to avoid sanctions.**  (Emphasis added) (footnote omitted).

4

Id. at *8. Accordingly, based upon the foregoing rationale by this U.S. District Court in Robinson, this Court may very well find that the Plaintiffs have sufficiently complied with the safe harbor provided by Fla. Stat. § 57.105(4), respecting the voluntary dismissal by Defendants, but that sanctions are nonetheless warranted under § 57.105(1), (3), and/or (6), in addition to 28 U.S.C. § 1927, Rule 11, the Court's inherent powers, and/or 15 U.S.C. § 1051, et seq., at § 1117(a).[1/]

Nevertheless, attorney's fees can absolutely be granted under Fla. Stat. § 57.105, when claims have been voluntarily dismissed, or defeated, as long as no justiciable issues of law and/or fact were raised by the Plaintiffs' claims. Mr. McKinnie directs the Court to the following, binding precedent of the U.S. Eleventh Circuit, for which rehearing and rehearing en banc was denied, in addition to the denial of certiorari by the U.S. Supreme Court. See Burger King Corp. v. Mason, 710 F.2d 1480, 1497-98, n. 12 (11th Cir. 1983), rehearing denied 717 F.2d 1115 (1983), certiorari denied 104 S.Ct. 1599, 465 U.S. 1102 (1984) (also involving a suit alleging trademark claims and Lanham Act violations, wherein the Eleventh Circuit explained that a determination and order finding that a complete absence of a justiciable issue(s) of law or fact by the losing party is sufficient for an award of attorneys' fees under the statute, whether or not the suit had been voluntarily dismissed). Accordingly, Mr. McKinnie's Dispositive Motion

---

[1/] In any event, whether or not the Court finds that Plaintiffs sufficiently complied with the safe harbor provisions of Fla. Stat. § 57.105(4), the fact remains that Plaintiffs' and their record counsels' other, numerous violations and sanctionable conduct, pursuant to 28 U.S.C. § 1927, Rule 26, Rule 26(g), Rule 37, and this Court's September 3, 2008 Order (D.E. 75), and the separate Rule 11 concerns raised by this Court, sua sponte, in its February 11, 2009 Order (D.E. 219), were not excused, at all, by filing a Motion for Voluntary Dismissal, without prejudice.

5

(D.E. 111), the Eleventh Circuit precedent in Burger King Corp., as well as the plain wording of Fla. Stat. § 57.105(1), support an award of attorneys' fees under the statute, whether or not a voluntary dismissal was made in accordance with Fla. Stat. § 57.105(4), or that so-called "safe harbor" was met, or not. As expressly stated in Fierer v. 18th Avenue Development Corp., 417 So.2d 1005 (Fla. App. 3rd DCA 1982):

> **Voluntary dismissal is not a bar to an award of attorney's fees.** MacBain v. Bowling, 374 So.2d 75 (Fla. 3d DCA 1979); see also Gordon v. Warren Heating & Air Conditioning, Inc., 340 So.2d 1234 (Fla. 4th DCA 1976). (Emphasis added)

### 2. Mr. McKinnie Did NOT Make a Capital Contribution

Plaintiffs continue to argue falsely, that Mr. McKinnie made a "capital contribution" in return for an ownership interest in Swagga Entertainment, Inc. However, the record documentary evidence, and sworn statements demonstrate that Mr. McKinnie was never an owner of Swagga Entertainment, Inc.; rather, the payment in question was nothing more than a personal loan to Mr. Cooper in the amount of $70,000.00. Plaintiffs have repeatedly mischaracterized this personal loan as a "capital contribution" to Swagga Entertainment, Inc., which Defendant Cooper owns 100%.

However, Plaintiffs repeated, false allegations are refuted by Defendant Swagga Entertainment Inc.'s General Ledger (See Exhibit A hereto), which was previously produced by Mr. Cooper as COOPER-000203 and COOPER-000204, the second page of which reflects Mr. McKinnie's $70,000.00 loan as a line item (but does not reference the monies as a capital contribution), which loan amount

6

Mr. Cooper apparently deposited to Swagga's bank account, as the 100% owner of Swagga. The foregoing is also conclusively supported by the parties' sworn answers to interrogatories and a Declaration. See, generally D.E. 111-2, as well as, specifically, Mr. McKinnie's denials (D.E. 60 at ¶¶ 9 and 10); Defendant Swagga Entertainment, Inc.'s Interrogatory Answers (D.E. 84-3 at ¶¶ 2-4) (confirming that Swagga is 100% owned by Mr. Cooper, its sole Director and President); Mr. McKinnie's Interrogatory Answers (D.E. 70-5 at ¶¶ 2-4); and Declaration of David C. Silverman, Mr. McKinnie's business attorney (D.E. 95-3 at ¶¶ 5, 10-15).

Accordingly, Plaintiffs' reasserted argument remains conclusively refuted by the overwhelming record evidence in this matter, since its onset.

### 3. Plaintiffs' Proffered Emails

During the above-referenced hearing (D.E. 293), Plaintiffs, through their record counsel, proffered a composite exhibit to the Court, comprised of handwritten tabs, numbered 1 through 9, with attached emails, purportedly as proof in support of Plaintiffs' continued argument that they have fully and completely complied with the requirements of Rule 26(a)(1). In turn, the Court provided the composite to undersigned counsel, and directed undersigned counsel to review the foregoing and provide any comments and/or supplementation as necessary to the Court within a day or two.[2/] In accordance with the Court's request, Mr. McKinnie states the following:

---

[2/]     Mr. McKinnie's undersigned counsel is filing this Notice of Compliance electronically, attaching Plaintiffs' proffered materials as Composite Exhibit B hereto. As set forth herein, in addition to the Plaintiffs' composite, Mr. McKinnie has attached other documents hereto, as

7

SACHER, ZELMAN, HARTMAN, PAUL, BEILEY & ROLNICK, P.A., ATTORNEYS, 1401 BRICKELL AVE., STE 700, MIAMI, FL 33131 - (305) 371-8797

### Plaintiffs' Tab 1

Tab 1 of Plaintiffs' proffered composite contains a six (6) part email chain from August 29, 2008, solely between Plaintiffs' counsel and Mr. Cooper's counsel, showing copies to Mr. McKinnie's record counsel; however, Tab 1 fails to attach any of the other, voluminous correspondence between Mr. McKinnie's counsel and the other parties. The highly relevant, additional email communications of that day, as well as subsequent, related email communications through and until September 22, 2009, are attached hereto as Composite Exhibit C. Undersigned counsel has attached only the first pages of many of the long email chains, in order to avoid unnecessarily burdening the Court with repetitive communications.[3]

### Plaintiffs' Tab 2

Plaintiffs' Tab 2 contains purported initial disclosures by the Plaintiffs, which are embedded in an email dated August 29, 2008 at 5:09 PM (as opposed to an attachment), which include an unsigned certificate of service indicating they were previously filed with the Court on April 2, 2008. As referenced in

---

Composite Exhibit C, which are believed to be necessary, under the circumstances, in order to fully and completely apprise the Court. A hard copy of this entire package, including the original copy of Plaintiffs' proffer, will also be hand-delivered to the Court's Chambers, so that the Court may maintain the original copy.

[3]   Mr. McKinnie reminds the Court that Plaintiffs' repeated discovery violations were fully addressed by Mr. McKinnie in his (1) Motion for Immediate Relief Respecting Plaintiffs' Failures to Make Rule 26(a)(1) Disclosures, the Numerous Depositions Beginning Next week, and Certain Obligations Under the Current Order Setting Discovery Schedule (D.E. 4) and Incorporated Memorandum of Law (D.E. 70), as well as his (2) Omnibus Motion for Discovery Relief and Sanctions (whereby Mr. McKinnie explained Plaintiffs' numerous, inconsistent disclosure representations on March 28th, April 2nd, April 24th, and again on August 29th (see D.E. 85 at page 3, et seq., and Exhibits thereto), and his (3) Reply in Support of Omnibus Motion (D.E. 103) and attachments thereto. All of the foregoing pre-dated the December, 2008 filing of Mr. McKinnie's Motion, § 57.105 by many months.

8

responsive emails by the Defendants, as well as the docket, this <u>never</u> occurred. <u>See</u> Composite Exhibit C, as well footnote 3 hereto. Plaintiffs' and their counsel's assertions and filings in this regard are <u>false</u>.

### Plaintiffs' Tabs 3 through 5

Tab 3 is a September 2, 2008 email from Plaintiffs' counsel (without the referenced attachment), which purports to be Plaintiffs' responses to Mr. McKinnie's request for production. As demonstrated in nearly all of Mr. McKinnie's filings, Plaintiffs continuously failed to provide him with anything other than Internet gossip and hearsay, and Plaintiffs were <u>never</u> able to provide any valid evidentiary support, much less any damages calculations, at all, for the claims asserted against him (<u>see</u> D.E. 70, 84, 85, 95, 97, and 103). Tab 4 is a September 2, 2008 letter from Plaintiffs' counsel referencing a "Swagga Entertainment, LLC," as opposed to the defendant entity sued by Plaintiffs. This is the first reference to Plaintiffs' preparation of a CD, which is more fully addressed below. Tab 5 simply contains Mr. McKinnie's counsel's communications correcting the mistaken reference to a non-existent Defendant entity.

### Plaintiffs' Tabs 6 through 8

Tab 6 is a September 3, 2008 email from Plaintiffs' record counsel advising that he will be receiving a FedEx package, the following day, containing additional documents, and that said documents will be produced to Defendants. The documents were purportedly related to "damages analysis," provided by Messrs. Bracy and Sarna; however, as demonstrated below, at <u>no</u> time during

9

the litigation did Plaintiffs provide Mr. McKinnie with damages calculations, or evidence of damages caused by Mr. McKinnie, as required by Rule 26(a)(1)(A)(iii).[4/]

Tab 7 is a September 3, 2009 email by Plaintiffs' record counsel, with embedded, unsigned Rule 26(a)(1) Initial Disclosures, once again, attempting to, but nevertheless failing to comply with the Court's Order of that same day (D.E. 75). Tab 8 contains September 4, 2009 email correspondence between Plaintiffs' counsel and Mr. McKinnie's counsel memorializing the Plaintiffs' and Mr. McKinnie's disagreements as to whether Plaintiffs had complied with the Court's September 3, 2009 Order (D.E. 75). The record demonstrates Plaintiffs' continued failures to do so.

### Plaintiffs' Tab 9

Tab 9 is a September 4, 2008 email from Plaintiffs' counsel, with an attached copy of the Plaintiffs' signed "Initial Disclosures Pursuant to Rule 26(a), To McKinnie," which subject line also falsely states, "Additionally, I have hand delivered a copy to Joe." As memorialized thereafter by Mr. McKinnie's Omnibus Motion dated September 22, 2008 (D.E. 85) eleven (11) months into the litigation, Plaintiffs were unable to provide, and did not provide Mr. McKinnie with

---

[4/] In fact, as explained in Mr. McKinnie's Reply in Support of His Omnibus Motion (D.E. 103), Mr. McKinnie memorializes the fact that, Plaintiffs' October 1, 2008 Response (D.E. 97) does not cure Plaintiffs' Rule 26(a)(1)(A)(iii) deficiency, or even attempt to do so; rather, Plaintiffs both falsely and arrogantly state that (1) the necessary information for doing so is in the possession of Defendants, and (2) Mr. McKinnie, as the purported "person in control of Swagga," should have access to this information. The foregoing, most recent assertions to the Court was a reversal of Plaintiffs' prior false position as set forth in their previous attempt at Initial Disclosures, dated September 4, 2008 (D.E. 94-2), in which Plaintiffs advised that Mr. Robert Bracy, Plaintiffs' business manager, needed to review certain documents produced by Cooper, before a damage calculation could be made.

10

SACHER, ZELMAN, HARTMAN, PAUL, BEILEY & ROLNICK, P.A., ATTORNEYS, 1401 BRICKELL AVE., STE 700, MIAMI, FL 33131 · (305) 371-8797

damages calculations, as required by Rule 26(a)(1)(A)(iii) – and never complied with the foregoing at any time during the litigation. Furthermore, Mr. McKinnie's Reply in Support of his Omnibus Motion (D.E. 103) fully addresses Plaintiffs' and their counsel's false representations and false certifications concerning the alleged hand-delivery of CD's to undersigned counsel, as well as the documented fact that they were created nearly a month after the alleged hand-delivery purportedly occurred. See also Declarations of Joseph Sacher (D.E. 103-5) and Robert Meloni (D.E. 103-6), which are attached to the Reply.

In sum, the Plaintiffs and their attorneys have made so many different and ongoing misrepresentations to the Court for the past year and one-half, they no longer remember the last one, before asserting a new one. "The record" does not lie; it proves their falsehoods:

> "Oh, what a tangled web we weave, when we first practice to deceive."

Respectfully submitted this 2nd day of October, 2009.

/s/ Joseph A. Sacher, Esq.
**BARTON S. SACHER, P.A.**
Florida Bar No. 0691313
**JOSEPH A. SACHER, ESQ.**
Florida Bar No. 0174920
**SACHER, ZELMAN, HARTMAN, PAUL, BEILEY & ROLNICK, P.A.**
1401 Brickell Avenue, Suite 700
Miami, Florida 33131
Telephone: (305) 371-8797
Telefacsimile: (305) 374-2605
Email: bsacher@sacherzelman.com
         jsacher@sacherzelman.com
**Counsel for Former Defendant,**
*Bryant McKinnie*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court and served on counsel of record via CM/ECF: **Richard Wolfe, Esq.**, Counsel for Plaintiffs/Counter-Defendants, Rothstein, Rosenfeldt & Adler, P.A. (f/k/a Wolfe & Goldstein, P.A.), 100 SE 2nd Street, Suite 3300, Miami, Florida 33131; **Ronald S. Guralnick, Esq.**, Counsel for Counterclaim Defendants International Artists Agency, Inc. and Steven Brush, 100 SE 2nd Street, Suite 3300, Miami, Florida 33131; **Richard Cellar, Esq.**, Local Counsel for Defendant/Counter-Plaintiff Marcus Cooper, Morgan & Morgan, 7450 Griffin Road, Suite 230, Davie, Florida 33314; and **Robert S. Meloni, Esq.** and **Thomas P. McCaffrey, Esq.**, Counsel for Defendant/Counter-Plaintiff Marcus Cooper, Meloni & McCaffrey, PC, 1350 Avenue of the Americas, Suite 3100, New York, New York 10019, this 2nd day of October, 2009.

By: /s/ Joseph A. Sacher, Esq.
One of Counsel for Former Defendant
Bryant McKinnie

12

SACHER, ZELMAN, HARTMAN, PAUL, BEILEY & ROLNICK, P.A., ATTORNEYS, 1401 BRICKELL AVE., STE 700, MIAMI, FL 33131 · (305) 371-8797